Filed 7/15/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JONATHAN EGELSTON,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>STATE PERSONNEL BOARD et al.,<br><br>  Defendants and Respondents,<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>  Real Party in Interest. | 2d Civil. No. B337182<br>(Super. Ct. No. 2023-CU-WM-011026)<br>(Ventura County) |

The Department of Corrections and Rehabilitation (Department) issued a Notice of Adverse Action (NOAA) dismissing appellant Jonathan Egelston from his position as a youth correctional officer assigned to the Ventura Youth Correctional Facility after he assaulted and harassed his girlfriend J.G. and then lied about it.  After the State Personnel

Board (SPB) upheld appellant's dismissal following an evidentiary hearing, he petitioned for a writ of mandate to reverse that decision and the trial court denied the petition.

Appellant contends that all claims and issues related to the findings that he assaulted J.G. and lied about it are barred by the doctrines of res judicata and collateral estoppel because prior to issuance of the NOAA, the family law court dismissed J.G.'s request for a domestic violence restraining order (DVRO) without prejudice. We conclude this contention is forfeited and in any event lacks merit. Accordingly, we affirm.

*Facts And Procedural History*

Appellant began working for the Department as a youth correctional officer in 2009. As a Department employee, appellant's conduct was governed by various rules and regulations including that he act with professionalism both on and off duty, refrain from committing assaults, and cooperate and be honest with outside law enforcement and the Department's internal affairs representatives.

On November 17, 2021, appellant's then-live-in girlfriend J.G. went to the Ventura County Sheriff's Office and reported that the previous night appellant had slapped her, grabbed her by the jaw and wrist, choked her, and spit in her face. The deputy who interviewed J.G. noted seeing a bruise forming on her wrist and took photographs of her wrist, neck and face. Based on the totality of the circumstances, the deputy determined that appellant had committed domestic violence against J.G.

That same day, appellant repeatedly called J.G.'s cellphone without receiving an answer and sent her numerous text messages in which he demanded that she come home and threatened to take her young daughter if she did not comply.

2

After discovering that J.G. had deactivated the tracking application on her cellphone, appellant accessed her OnStar account in an attempt to locate her vehicle. J.G. received a notification that her OnStar account had been accessed, so she drove her vehicle to a strip mall and left it parked there. Appellant located the vehicle through the OnStar account, drove to the strip mall where it was parked, and waited over two hours for J.G. to return. The police eventually arrived and arrested appellant.

Appellant was interviewed at the sheriff's station after his arrest and was subsequently interviewed by an agent from the Department's Office of Internal Affairs. During both interviews, appellant denied assaulting J.G. and claimed that she had actually assaulted him.

Two days after appellant's arrest, J.G. filed a request for a DVRO pursuant to Family Code section 6300. The family law court granted J.G. a temporary restraining order (TRO) and set the matter for a DVRO hearing that was subsequently continued to April 6, 2022 at appellant's request.

The Ventura County District Attorney subsequently charged appellant in a felony complaint with committing corporal injury on a spouse or cohabitant (Pen. Code, § 273.5), stalking (*id.*, § 646.9, sub. (a)), and unlawful driving or taking a vehicle (Veh. Code, § 10851, sub. (a)). Following a preliminary hearing, appellant was held to answer on all three charges.

On April 4, 2022, appellant, through counsel, filed his own request for a DVRO against J.G. In an attached declaration, appellant stated that J.G. had assaulted him during the incident on November 16, 2021, and that he had merely "stopped her hands from hitting [him]." The family law court declined to grant

3

appellant a TRO against J.G., set the matter for a DVRO hearing on April 29, 2022, and continued the hearing on J.G.'s DVRO request to that same date with J.G.'s TRO against appellant remaining in full force and effect.  The hearing was subsequently continued again pending the anticipated resolution of the criminal matter against appellant, with J.G.'s TRO remaining in full force and effect.  On May 6, 2022, the criminal charges against appellant were dismissed without prejudice.

On May 18, 2022, the family law court conducted a hearing on appellant and J.G.'s DVRO requests.  At the conclusion of the hearing, the court dismissed both DVRO requests without prejudice.

Based on its own investigation of the matter, the Department determined that appellant had committed misconduct in violation of its rules and regulations and served him with a NOAA dismissing him from his position as a youth correctional officer.  The NOAA stated that appellant was being dismissed for causes set forth in Government Code section 19572 sections (d) (inexcusable neglect of duty), (f) (dishonesty), (m) (discourteous treatment), and (t) (other failure of good behavior). The decision was based on findings that appellant (1) assaulted J.G. on November 16, 2021, by slapping and choking her; (2) engaged in discourteous treatment the day after the incident by calling J.G. 63 times and sending her 53 angry and accusatory text messages; (3) gave dishonest statements about the assault when interviewed by law enforcement; and (4) gave dishonest statements during his Internal Affairs interview when he again denied assaulting J.G.

Appellant appealed his dismissal to the SPB.  In his prehearing conference statement, he stated that he "does not

anticipate raising any affirmative defenses at this time." At the conclusion of an evidentiary hearing that included testimony from J.G., appellant, and the detective who interviewed appellant after his arrest, appellant's attorney urged the administrative law judge to conclude that the evidence did not support the NOAA's findings because J.G.'s testimony was not credible.

On March 30, 2023, the administrative law judge issued a lengthy decision upholding appellant's dismissal that the SPB subsequently adopted as its own decision. The SPB found by a preponderance of the evidence that appellant had committed misconduct as set forth in the NOAA. Pursuant to Evidence Code section 780, the administrative law judge determined that J.G.'s testimony regarding the incident was more credible than appellant's. The SPB also found that dismissal was an appropriate penalty for appellant's misconduct.

In his petition for a writ of mandate, appellant argued that the evidence was insufficient to support the SPB's credibility determination in favor of J.G. In rejecting this argument, the trial court noted that the credibility determination was entitled to great weight because the administrative law judge had the opportunity to observe J.G. and appellant's demeanor when they testified at the hearing. The court also recognized that the text messages appellant sent to J.G. the day after the assault, "based on their quantity, tone, and content, are undeniably damaging to [him] and his overall credibility as a witness." Accordingly, the court denied appellant's petition.

*Discussion*

In his sole contention on appeal, appellant asserts for the first time that all claims and issues in the NOAA and SPB decision related to the allegations that he assaulted J.G. and then

5

lied about it are barred by the doctrines of res judicata and collateral estoppel because those allegations were previously litigated in his favor when the family law court dismissed J.G.'s DVRO request without prejudice.  Because this contention was not raised below, it is forfeited.  (*Ramirez v. Department of Motor Vehicles* (2023) 88 Cal.App.5th 1313, 1336; *Rodgers v. Sargent Controls & Aerospace* (2006) 136 Cal.App.4th 82, 88-89.)  Contrary to appellant's assertion, his attorney's unsupported statement that J.G.'s DVRO request was "dropped [] due to some credibility issues" is insufficient to preserve a claim of res judicata or collateral estoppel.  In any event, the claim lacks merit.

Res judicata, or claim preclusion, "'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.]  Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.  [Citations.]" (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)  Collateral estoppel, or issue preclusion, "prevents relitigation of previously decided issues" and applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party.  [Citations.]" (*Id.* at pp. 824–825.)

Appellant's claim is premised on the rule that in order to obtain a DVRO, a party must establish past abuse by a preponderance of the evidence.  (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226; Fam. Code, § 6300.)  According to appellant, in dismissing J.G.'s DVRO request without prejudice the family law court necessarily found she had

6

failed to prove by a preponderance of the evidence that appellant had assaulted her during the November 16, 2021 incident. Because the same standard of proof applied to the Department and the SPB's findings that appellant had assaulted J.G. (*Rodgers v. State Personnel Board* (2022) 83 Cal.App.5th 1, 10), appellant posits that the family law court's dismissal of J.G.'s DVRO request thus had preclusive effect in the instant proceedings. We are not persuaded.

Appellant fails to establish the essential elements of res judicata or collateral estoppel. The causes of action in the DVRO proceeding and the instant proceedings are plainly different. J.G.'s DVRO request sought redress for harm suffered by her personally, while the causes of action in the NOAA sought redress for harm to the public as a result of appellant's violation of his duties as a civil service employee. (See *Howitson v. Evans Hotel, LLC* (2022) 81 Cal.App.5th 475, 487 (*Howitson*) [for purposes of res judicata, "[t]he cause of action is based on the harm suffered" rather than the legal theory asserted].)

It is also clear that the proceedings did not involve the same parties. Contrary to appellant's assertion, the fact that the Department may have been "notified" of appellant's arrest and the TRO issued against him does not place the Department in privity with J.G. for purposes of res judicata or collateral estoppel. "Courts apply privity where the 'nonparty has an identity of interest with, and adequate representation by, the party in the first action and the nonparty should reasonably expect to be bound by the prior adjudication.' [Citation.] 'A party is adequately represented for purposes of the privity rule "if his or her interests are so similar to a party's interest that the latter was the former's virtual representative in the earlier

action.""" (*Howitson, supra,* 81 Cal.App.5th at p. 490.)  The Department had no interest in J.G.'s DVRO proceeding and thus had no reason to expect to be bound by the outcome of that proceeding.

Moreover, J.G.'s DVRO request was dismissed without prejudice.  "It has repeatedly been held that: 'The term "without prejudice," in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought.' [Citations.]  It has been said that the 'purpose and effect of the words "without prejudice" in a decree dismissing a bill is to prevent the defendants from availing themselves of the defense of res adjudicata in any subsequent proceeding by the same plaintiffs on the same subject matter.' [Citation.]" (*Williams v. City of Oakland* (1973) 30 Cal.App.3d 64, 69, italics omitted; *Hacker v. Fabe* (2023) 92 Cal.App.5th 1267, 1281 [quoting same].)

Because the family law court's order of dismissal without prejudice does not constitute a final decision on the merits of J.G.'s request for a DVRO, that ruling has no preclusive effect under the doctrines of res judicata and collateral estoppel. Appellant's claim to the contrary thus fails.

*Disposition*

The judgment is affirmed.  The Department shall recover its costs on appeal.

<u>CERTIFIED FOR PUBLICATION.</u>


YEGAN, Acting P.J.


We concur:



BALTODANO, J.



CODY, J.

Benjamin F. Coats, Judge
Superior Court County of Ventura

_____

Jonathan Egelston, in propria persona, for Plaintiff and Appellant.

No appearance for Respondent California State Personnel Board.

Rob Bonta, Attorney General, Chris A. Knudsen, Senior Assistant Attorney General, Gabrielle H. Brumbach, Supervising Deputy Attorney General, Roza Patterson, Deputy Attorney General, for Real Party in Interest California Department of Corrections and Rehabilitation.